# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of financialright claims GmbH<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | C.A. No. 1:23-cv-01481-UNA<br><br>**PUBLIC VERSION** |

## MEMORANDUM OF LAW IN SUPPORT OF FINANCIALRIGHT CLAIMS GMBH'S *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

OF COUNSEL:

Jeffrey A. Rosenthal
(pro hac vice application forthcoming)
Christopher P. Moore
(pro hac vice application forthcoming)
Lina Bensman
(pro hac vice application forthcoming)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000 - Telephone
(212) 225-3999 - Facsimile
jrosenthal@cgsh.com
cmoore@cgsh.com
lbensman@cgsh.com

Dated: December 29, 2023
Public Version Dated: January 31, 2024

Bindu A. Palapura (#5370)
Jacqueline A. Rogers (#5793)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
(302) 984-6000
bpalapura@potteranderson.com
jrogers@potteranderson.com

*Attorneys for Applicant financialright claims GmbH*

# TABLE OF CONTENTS

                                                                                   **Page**

INTRODUCTION ...................................................................................................1
NATURE AND STAGE OF PROCEEDINGS .....................................................2
SUMMARY OF ARGUMENT ..............................................................................2
STATEMENT OF FACTS .....................................................................................3
      I.     The Parties ............................................................................................3
      II.    Factual Background ..............................................................................3
            A.     The German Price Fixing Litigation ..............................................3
            B.     BGF and FRC Agree to the CPA ....................................................4
            C.     ██████████████████████████████████
            D.     ██████████████████████████████████
            E.     The Discovery Requested by FRC ██████████████
ARGUMENT ..........................................................................................................7
      I.     The Application Satisfies The Statutory Requirements For Section
            1782 Discovery .....................................................................................7
            A.     Respondents Reside in the District of Delaware.............................8
            B.     The Application Seeks Documents "For Use" in Connection
                    with Pending Litigation in Germany................................................8
            C.     FRC is an "Interested Person" .........................................................9
      II.    The *Intel* Factors All Favor Granting the Application................................9
CONCLUSION.....................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Application of Cal. State Teachers' Ret. Sys.*,
  2016 WL 7477753 (D.N.J. Dec. 28, 2016) ................................................................. 9, 10, 11

*In re Bayer AG*,
  146 F.3d 188 (3d Cir. 1998) ........................................................................................ 2, 7, 8

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012) ................................................................................................. 8

*Matter of Centripetal Networks, LLC*,
  2023 WL 3136140 (N.D. Cal. Apr. 26, 2023) ................................................................... 8

*In re Chevron Corp.*,
  633 F.3d 153 (3d Cir. 2011) ......................................................................................... 10,11

*CPC Pat. Techs. PTY LTD. v. Apple, Inc.*,
  2023 WL 3579314 (N.D. Cal. Jan. 3, 2023) ..................................................................... 10

*In re Gen. Elec. Co.*,
  2022 WL 16720425 (D. Mass. Nov. 4, 2022) .................................................................... 8

*Gushlak v. Gushlak*,
  486 F. App'x 215 (2d Cir. 2012) ........................................................................................ 7

*Illumina Cambridge LTD. v. Complete Genomics, Inc.*,
  2020 WL 820327 (N.D. Cal. Feb. 19, 2020) ..................................................................... 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) .................................................................................................. passim

*Kulzer v. Esschem, Inc.*,
  390 F. App'x 88 (3d Cir. 2010) ............................................................................... 8, 9, 10

*In re Mota*,
  2020 WL 95493 (D. Del. Jan. 8, 2020) .............................................................................. 7

*In re O'Keeffe*,
  646 F. App'x 263 (3d Cir. 2016) ...................................................................................... 12

*In re Request From Vienna*,
  2023 WL 6278815 (D. Del. Sept. 26, 2023) ................................................................... 7, 9

*Matter of Rosa Carolina Germano Dos Santos*,
  2023 WL 4993673 (D.N.J. Aug. 4, 2023) ........................................................................ 10

*In re Sevier*,
    2022 WL 3923679 (D. Del. Aug. 31, 2022) ............................................................................7

**STATUTES**

28 U.S.C. § 1782 ............................................................................................................ *passim*

28 U.S.C. § 1782(a) ...............................................................................................8, 9, 11

financialright claims GmbH ("FRC" or "Applicant") respectfully submits this memorandum of law in support of its *ex parte* application for discovery under 28 U.S.C. § 1782 (the "Application") from Burford German Funding LLC ("BGF"), German Litigation Solutions LLC ("GLS"), and Burford Capital LLC ("Burford," and, with BGF and GLS, "Respondents"), each a limited liability company organized under the laws of the State of Delaware.

## INTRODUCTION

FRC seeks discovery under 28 U.S.C. § 1782 ███████████████████████████████████████████████████████████████████████████████

███████ Hausfeld Germany represented FRC in German litigations against members of a cartel of truck manufacturers, which FRC is pursuing on behalf of consumers harmed by the cartel's anticompetitive behavior (the "Trucks Litigation"). ████████████████████

████████████████████████████████████████████████████████████████████████████

███████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████

1



As explained further below, courts routinely grant such requests where, as here, discovery is sought in support of pending foreign litigation and the burden to Respondents to provide the discovery is minimal. *See In re Bayer AG*, 146 F.3d 188, 189 (3d Cir. 1998) (Section 1782 reflects a "concerted effort to liberalize the procedures in the United States for assisting foreign and international tribunals and litigants in obtaining oral and documentary evidence in the United States."). FRC therefore respectfully requests that the Court grant the Proposed Form of Order *ex parte*, authorizing FRC to serve the subpoenas attached thereto as Exhibits A – F (collectively, the "Subpoenas"),

## NATURE AND STAGE OF PROCEEDINGS

This is an *ex parte* application seeking documents and deposition testimony from Respondents under 28 U.S.C. § 1782.

## SUMMARY OF ARGUMENT

The Court should grant the Application because:

1. The Application satisfies each of the statutory requirements of Section 1782: 1) Respondents reside in the District of Delaware; 2) the discovery sought is for use in a proceeding before the German courts; and 3) Applicant is an "interested person" within the meaning of Section 1782.

2. The four discretionary factors from *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 250 (2004), all weigh in favor of granting the Application: 2) German courts are receptive to this Court's assistance; 3) the Application is a good-faith effort to obtain probative evidence; and 4) the Subpoenas are not unduly intrusive or burdensome.


## STATEMENT OF FACTS

**I.    The Parties**

FRC is incorporated in Germany and has brought claims on behalf of thousands of consumers in the Trucks Litigation (as described in more detail below). *See* Declaration of Patrick C. Swiber ("Swiber Decl.") ¶ 3.

BGF is a limited liability company organized under the laws of Delaware 

GLS is a limited liability company organized under the laws of Delaware.

Burford is a limited liability company organized under the laws of Delaware. Burford is a litigation funding firm that pays legal fees and expenses in exchange for a share in any recoveries.

**II.    Factual Background**

   **A.    The Trucks Litigation**

On July 19, 2016, the European Commission announced a settlement decision against various truck manufacturers, in which it found that the manufacturers had illegally fixed prices of medium and heavy trucks across the European Economic Area between 1997 and 2011. *See* Swiber Decl. ¶ 4. The settlement paved the way for purchasers of vehicles affected by the price

---

[1]    Citations to the Complaint refer to page numbers in the certified translation included together with Exhibit 1 to the Swiber Decl.

fixing to bring claims in national courts, including in Germany. Thousands of truck purchasers subsequently assigned their claims to FRC, which initiated the Trucks Litigation on their behalf, in exchange for a portion of any potential recoveries. *See* Swiber Decl. ¶ 3. Hausfeld Germany represented FRC in the Trucks Litigation ███████████████████████████████
███

    **B.**    **BGF And FRC Agree To The CPA**

On April 25, 2017, FRC and BGF agreed to the CPA, ████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

    **C.**    ████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████



**D.** ███████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████

**E.     The Discovery Requested By FRC** ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████ Accordingly, the Application seeks to obtain the following discovery from these entities. *First*, FRC seeks documents and testimony from BGF related to (i) its corporate structure, owners, and investors, and (ii) its relationship with Hausfeld, ███████████

███████████████████████████████████████████████████

███████████ *See* Exs. A, B (BGF Subpoenas). *Second*, FRC seeks documents and testimony from GLS regarding (i) its corporate structure, (ii) its interest in BGF, and (iii) its relationship with Hausfeld. *See* Exs. C, D (GLS Subpoenas). Finally, FRC seeks documents and testimony from Burford regarding (i) its involvement and interests in BGF, (ii) its relationship

6

with GLS; (iii) its relationship with Hausfeld; and (iv) the negotiation of the CPA. *See* Exs. E, F (Burford Subpoenas).

## ARGUMENT

To obtain discovery under Section 1782, an applicant must first meet three statutory requirements. *In re Bayer AG*, 146 F.3d at 193. If these requirements are met, a court may exercise its discretion to grant the application, guided by the four factors articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 250 (2004). *See In re Request From Vienna*, 2023 WL 6278815, at *5 (D. Del. Sept. 26, 2023) ("If § 1782's statutory conditions are satisfied, the decision to grant a § 1782 application lies within the district court's discretion. The [Supreme] Court identified in *Intel* four factors relevant to that discretionary determination.") (internal citations omitted).

Section 1782 applications are routinely granted *ex parte* because respondents later have the opportunity to challenge any discovery request by filing a motion to quash. *See, e.g.*, *In re Sevier*, 2022 WL 3923679, at *1 (D. Del. Aug. 31, 2022) (granting *ex parte* Section 1782 application where statutory requirements were met and *Intel* factors favored discovery); *In re Mota*, 2020 WL 95493, at *1 (D. Del. Jan. 8, 2020) ("Discovery applications under § 1782 are often granted *ex parte* because, *inter alia*, witnesses and other recipients can raise objections and otherwise exercise their due process rights by motions to quash.") (internal quotations and brackets omitted); *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (similar). As demonstrated below, the Application satisfies Section 1782's three statutory requirements, and all four *Intel* factors weigh in favor of granting the Application.

**I.       The Application Satisfies The Statutory Requirements For Section 1782 Discovery**

Section 1782 imposes three requirements on an application for discovery: "that the application be made (1) 'by a foreign or international tribunal' or 'any interested person,' (2) that

it be 'for use in a proceeding in a foreign or international tribunal,' and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the application is filed." *In re Bayer AG*, 146 F.3d at 193 (internal citation omitted); *see also Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 91 (3d Cir. 2010) (same). The Application meets each of these "modest prima facie elements." *In re Bayer AG*, 146 F.3d at 195.

A.  **FRC Is An "Interested Person"**

FRC ███████████████████████████████████████ is an "interested person" within the meaning of Section 1782. There is "[n]o doubt" that litigants in a foreign proceeding are "included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256.

B.  **The Application Seeks Documents "For Use" In Connection With Pending Litigation In Germany**

FRC intends to use discovery obtained from Respondents ███████████████ ███████████████████████████████████████████████ German court proceedings undisputedly qualify as a proceeding before a foreign tribunal. *See, e.g.*, *Kulzer,* 390 F. App'x at 89 (granting Section 1782 discovery for use in connection with pending litigation in Germany); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 77 (2d Cir. 2012) (same); *In re Gen. Elec. Co.*, 2022 WL 16720425, at *3 (D. Mass. Nov. 4, 2022) ("The proceeding in the German court qualifies as a foreign tribunal within the meaning of § 1782(a)") (internal quotations omitted); *Matter of Centripetal Networks, LLC*, 2023 WL 3136140, at *3 (N.D. Cal. Apr. 26, 2023) (pending litigation in Germany satisfied "for use" statutory requirement).

### C. Respondents Reside In The District Of Delaware

Each Respondent is a Delaware limited liability company and thus "resides" in the District of Delaware for purposes of Section 1782. 28 U.S.C. § 1782(a). *See In re Request From Vienna*, 2023 WL 6278815, at *2 (holding that Delaware corporations reside in the district of Delaware for the purpose of Section 1782); *Illumina Cambridge LTD. v. Complete Genomics, Inc.*, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) ("A business entity is 'found' in the judicial district where it is incorporated or headquartered."); *In re Application of Cal. State Teachers' Ret. Sys.*, 2016 WL 7477753, at *2 (D.N.J. Dec. 28, 2016) (entity "resides or is found" in state of its incorporation), *aff'd sub nom. In re Cal. State Teachers' Ret. Sys.*, 2017 WL 1246349 (D.N.J. Apr. 3, 2017) ("*Calsters*").

## II. The *Intel* Factors All Favor Granting the Application

The Supreme Court has directed district courts exercising their discretion under Section 1782 to consider (1) whether the discovery target is "a participant in the foreign proceeding," (2) the nature of the foreign tribunal, the character of the foreign proceeding and the "receptivity" of the foreign tribunal to U.S. judicial assistance, (3) whether the Section 1782 application reflects an attempt to circumvent the United States' or a foreign country's policies or discovery limitations, and (4) whether the discovery request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. The discretionary factors set forth in *Intel* strongly favor granting the Application.

The first factor weighs in favor of granting the application ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, Respondents may be "outside the [] jurisdictional reach" of German courts, *Intel*, 542 U.S. at 244, and the evidence FRC seeks may be "unobtainable absent § 1782(a) aid," which weighs in favor of granting the Application. *See Kulzer*, 390 F.

9

App'x at 92 (the fact that discovery target was not a party to German litigation favored granting Section 1782 application because German courts could not order production of relevant evidence); *Calsters*, 2017 WL 1246349, at *2 (same).

The second factor weighs in favor of the application because German courts are "receptiv[e] . . . to U.S. federal-court judicial assistance." *In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011) (quoting *Intel*, 542 U.S. at 265). U.S. courts have "routinely found German courts to be receptive to Section 1782 discovery," and that the "second *Intel* factor" therefore weighs in favor of granting discovery. *Matter of Rosa Carolina Germano Dos Santos*, 2023 WL 4993673, at *9 (D.N.J. Aug. 4, 2023); *see also Kulzer,* 390 F. App'x at 92. Indeed, the burden of proving otherwise lies with "the party who claims that the foreign tribunal is hostile to the reception of evidence from abroad." *In re Application for Discovery for Use in Foreign Proc. Pursuant to 28 U.S.C. § 1782*, 2019 WL 168828, at *9 (D.N.J. Jan. 10, 2019).

The third factor weighs in favor of granting the Application because FRC's requests are not contrary to any proof-gathering restrictions in the German courts nor to any policies of Germany or the United States. Here, "[b]ecause there is no indication that [the Application] circumvents any German policy on discovery," the third *Intel* factor weighs in favor of granting the Application. *Calsters*, 2017 WL 1246349, at *3; *In re Chevron Corp.*, 633 F.3d at 163 (similar); *CPC Pat. Techs. PTY LTD. v. Apple, Inc.*, 2023 WL 3579314, at *4 (N.D. Cal. Jan. 3, 2023) (third *Intel* factor weighed in favor of granting Section 1782 application where there was

no evidence that the applicant "is attempting to circumvent German proof-gathering restrictions").[2]

The fourth factor weighs in favor of the application because FRC's requests are not "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The "assessment of the fourth factor is virtually identical to the familiar 'overly burdensome' analysis that is integral to the Federal Rules [of Civil Procedure]." *Calsters*, 2017 WL 124639, at *4 (quoting *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016)). As discussed above, FRC seeks targeted document discovery regarding topics such as:

- The corporate and ownership structure of BGF and GLS, *see, e.g.,* Ex. A (BGF Documents Subpoena) at 9; Ex. C (GLS Documents Subpoena) at 9; Ex. E (Burford Document Subpoena) at 9 (requesting, *inter alia*, documents from BGF, GLS, and Burford sufficient to show all BGF and GLS owners and shareholders, their percentage ownership, and any entities or individuals with voting, governance, or control rights in both entities); Ex. B (BGF Deposition Subpoena) at 7, Ex. D (GLS Deposition Subpoena) at 6-7, and Ex. F (Burford Deposition Subpoena) at 6-7 (requesting deposition testimony regarding similar topics);

- The economic interest that Hausfeld and Hausfeld partners maintain in BGF or GLS, and any proceeds received by Hausfeld or Hausfeld partners from those entities, *see, e.g.,* Ex. A at 10-11; Ex. C at 9; Ex. E at 10-11 (requesting, *inter alia*, documents and communications concerning payments from BGF or GLS to Hausfeld, documents sufficient to identity any entities with expectations of payment from BGF or GLS in connection with the Trucks Litigation, and any other ventures entered into between BGF, GLS, Hausfeld, and Hausfeld partners); Ex. B at 7-8; Ex. D at 9; Ex. F at 7-8 (requesting deposition testimony regarding similar topics);

- The relationship between BGF, GLS, Burford, and Hausfeld, *see, e.g.*, Ex. A at 10-11; Ex. C at 10-11; Ex. E at 10-11 (requesting, *inter alia*, documents sufficient to show the nature of any relationship between BGF, GLS, Burford, and Hausfeld including with respect to the Trucks Litigation and the CPA); Ex. B at 8-9; Ex. D at 9; Ex. F at 8-9 (requesting deposition testimony regarding similar topics);

---

[2] "The party opposing discovery under Section 1782(a) has the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application." *Chevron*, 633 F.3d at 162 (quotation marks and brackets omitted).

11

- The negotiation of the CPA, *see, e.g.,* Ex. A at 11; Ex. C at 11; Ex. E at 11 (requesting, *inter alia*, documents sufficient to identify individuals responsible for negotiating the CPA, and communications regarding the negotiation of the CPA); Ex. B at 8-9; Ex. D at 9; Ex. F at 8-9 (requesting deposition testimony regarding similar topics); and

- Any documents concerning advice or due diligence regarding German law prohibitions on contingency funding, *see* Ex. A at 12, Ex. C at 11; Ex. E at 11 (requesting documents concerning any due diligence or advice prepared by BGF, GLS, or Burford concerning German law prohibitions on contingency fee arrangements related to the Trucks Litigation); Ex. B at 9; Ex. D at 9; Ex. F at 9 (requesting deposition testimony regarding same topics).

These requests "directly touch" FRC's claims ███████████████ *In re O'Keeffe*, 646 F. App'x 263, 269 (3d Cir. 2016). ███████████████



███████████████ FRC also seeks evidence from Burford regarding the negotiation of the CPA, ███████████████

███████████████

**CONCLUSION**

For the foregoing reasons, FRC respectfully requests that this Court enter an order pursuant to Section 1782 granting leave to serve the Subpoenas.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |
| Jeffrey A. Rosenthal<br>(pro hac vice application forthcoming)<br>Christopher P. Moore<br>(pro hac vice application forthcoming)<br>Lina Bensman<br>(pro hac vice application forthcoming)<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000 - Telephone<br>(212) 225-3999 - Facsimile<br>jrosenthal@cgsh.com<br>cmoore@cgsh.com<br>lbensman@cgsh.com | By: */s/ Jacqueline A. Rogers*<br>    Bindu A. Palapura (#5370)<br>    Jacqueline A. Rogers (#5793)<br>    1313 N. Market Street, 6th Floor<br>    Wilmington, DE  19801-6108<br>    (302) 984-6000<br>    bpalapura@potteranderson.com<br>    jrogers@potteranderson.com<br><br>*Attorneys for Applicant financialright claims GmbH* |

Dated:  December 29, 2023
Public Version Dated: January 31, 2024