# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re Application of financialright claims GmbH

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding

C.A. No. 23-01481-CFC

## ANSWERING BRIEF IN OPPOSITION TO FRC'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO RESPONDENTS' MOTION TO COMPEL ARBITRATION AND TO STAY FURTHER PROCEEDINGS PENDING ARBITRATION

OF COUNSEL:

Derek T. Ho
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*Counsel for Burford German Funding LLC and Burford Capital LLC*

Edward P. Boyle
VENABLE LLP
151 W 42nd Street
New York, NY 10036
(212) 307-5500
EPBoyle@Venable.com

*Counsel for German Litigation Solutions LLC*

Dated: July 25, 2024

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Burford German Funding LLC, German Litigation Solutions LLC, and Burford Capital LLC*

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS & STATEMENT OF FACTS ........1

SUMMARY OF THE ARGUMENT .......................................................................2

ARGUMENT ..................................................................................................3

CONCLUSION ...............................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Cephea Valve Techs., Inc. v. Abbott Lab'ys*, C.A. No. 23-691-GBW-SRF,
2024 WL 3291632 (D. Del. Apr. 19, 2024) ............................................................7

*Blackhawk Network, Inc. v. IdX Corp.*,
Misc. A. No. 22-368-CFC, 2023 WL 3848337 (D. Del. June 6, 2023) ................7

*Drit LP v. Glaxo Grp. Ltd.*, C.A. No. 21-844-LPS-CJB, 2022 WL 605123
(D. Del. Feb. 18, 2022), *report and recommendation adopted*,
2022 WL 909398 (D. Del. Mar. 29, 2022) ............................................................8

*EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81 (D. Del. 2016) ......................3

*Hawk Mountain LLC v. Mirra*, C.A., No. 13-2083-SLR-SRF,
2016 WL 3182778 (D. Del. June 3, 2016), *report and recommendation
adopted*, 2016 WL 4541032 (D. Del. Aug. 31, 2016) ..........................................8

*Int'l Bus. Machs. Corp. v. Priceline Grp. Inc.*, C.A. No. 15-137-LPS-CJB,
2016 WL 626495 (D. Del. Feb. 16, 2016), *report and recommendation
adopted*, 2016 WL 1253472 (D. Del. Mar. 30, 2016) ..........................................9

*INVISTA N. Am. S.à.r.l. v. M&G USA Corp.*, C.A. No. 11-1007-SLR-CJB,
2014 WL 1908286 (D. Del. Apr. 25, 2014), *report and recommendation
adopted*, 2014 WL 2917110 (D. Del. June 25, 2014) ..........................................9

*Jordan v. Mirra*, C.A., No. 14-1485-SLR-SRF, 2016 WL 3265694
(D. Del. June 7, 2016), *report and recommendation adopted*,
2016 WL 4577004 (D. Del. Aug. 31, 2016) .......................................................4, 6

*Lamkin v. Morinda Props. Weight Parcel, LLC*,
440 F. App'x 604 (10th Cir. 2011) ......................................................................10

*MZM Construction Co., Inc. v. New Jersey Building Laborers Statewide
Benefits Funds*, 974 F.3d 386 (3d Cir. 2020) ......................................................6

*P Tech, LLC v. Arthrex, Inc.*, C.A. No. 21-968 (MN),
2022 WL 1490733 (D. Del. May 11, 2022) ..........................................................8

*Paoli v. Stetser*, C.A. No. 12-66-GMS-CJB, 2014 WL 3386037
(D. Del. July 11, 2014), *report and recommendation adopted in part,
rejected in part*, 2014 WL 5847567 (D. Del. Nov. 10, 2014) ...........................3, 4

*Quilloin v. Tenet HealthSystem Philadelphia, Inc.*,
673 F.3d 221 (3d Cir. 2012) ...............................................................7, 8

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010)........................................7

*Siemens Med. Sols. USA, Inc. v. Humedica, Inc.*,
C.A. No. 14-880-LPS-CJB, 2015 WL 1738186 (D. Del. Apr. 8, 2015)...............9

*Stanhope v. Bank of Am., N.A.*, No. 1:16-cv-02040-NLH-JS,
2016 WL 6645770 (D.N.J. Nov. 9, 2016) ...........................................................10

*Trans Video Elecs., Ltd. v. Netflix, Inc.*, C.A. No. 12-1743-LPS,
2014 WL 900929 (D. Del. Mar. 4, 2014), *report and recommendation
adopted*, 2014 WL 1268680 (D. Del. Mar. 26, 2014) ......................................6, 9

*Yellow Soc. Interactive Ltd. v. Ebersole*, C.A. No. 23-352-CFC,
2023 WL 6621416 (D. Del. Oct. 11, 2023)...........................................................7

## NATURE AND STAGE OF
## PROCEEDINGS & STATEMENT OF
## FACTS

Burford German Funding LLC ("BGF"), German Litigation Solutions LLC, and Burford Capital LLC (collectively, "Movants") respectfully request that the Court deny financialright claims GmbH's ("FRC") request for a sur-reply.

FRC is abusing this Court's process. Aware that it was required to arbitrate any dispute arising out of the Capital Provision Agreement ("CPA"), it filed a lawsuit here in Delaware anyway. After opposing Movants' motion to compel by arguing that the arbitration agreement was procured by fraud – a legally ineffective argument for the reasons given in Movants' briefs – it created a multi-jurisdictional conflict by recently filing a declaratory-judgment complaint in Delaware state court asking another judge to decide the *exact same fraudulent inducement issue*. Meanwhile, FRC has never complied with this Court's disclosure requirements – hiding the existence and identity of its shadowy Czech backers – even though it demanded discovery of BGF on the very same subject.[1]

---

[1] Notwithstanding this Court's Standing Order Regarding Disclosure Statements, FRC's disclosure only lists its immediate shareholder, Cars s.r.o.. D.I. 3. FRC is a GmbH, which is the German equivalent of an LLC. *See* The GmbH in Germany: How to start it | GmbH Tax Services, https://perma.cc/PK3T-ZTB2. Not only has FRC not disclosed who owns Cars, s.r.o., but an s.r.o. is the Czech equivalent of an LLC – an independent reason why FRC is required under the standing order to disclose its ownership. *See* DLA Piper, Corporate Form of Entity: Czech Republic, https://perma.cc/9F4K-Y78Y.

## SUMMARY OF THE ARGUMENT

FRC's sur-reply request should be denied as yet another misuse of this Court's process. Movants' Opening Memorandum repeatedly engaged with the delegation clause, and any further elaboration in their reply directly responded to arguments made by FRC in its Opposition. Specifically, Movants' principal argument, articulated repeatedly in its opening memorandum of law, is that the delegation clause in the parties' arbitration agreement requires all disputes – including the validity of the arbitration agreement itself – to be resolved in arbitration. And settled case-law – including cases FRC cited in its Opposition – establishes that such a delegation clause is valid and binding unless FRC specifically challenges its validity (which it has not done and has no basis for doing); challenging the arbitration clause as a whole is not enough. In the face of that well-settled standard, FRC failed to challenge the delegation clause, only the arbitration clause as a whole. And that forfeiture is fatal to its Opposition under settled Supreme Court and Third Circuit law.

Now having belatedly realized that its failure to specifically challenge the parties' delegation clause dooms its opposition, FRC resorts to obstreperous rhetoric and irrelevant complaints about BGF's separate lawsuit in English court in an effort to undo its forfeiture. This Court should firmly reject that effort. This is

a clear-cut case where a sur-reply is not only unwarranted but intemperate.[2] The

request should be denied.

## ARGUMENT

"Courts in this district disfavor sur-replies." *EMC Corp. v. Pure Storage,*

*Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (citing D. Del. Loc. R. 7.1.2(b)). And

for good reason: motion practice does not permit the endless filing of papers in

support of an argument, or letting a non-movant try to have the "last word" through

gamesmanship. As a result, a non-movant's ability to file a sur-reply "is limited

only to those circumstances where the sur-reply brief responds to 'new evidence,

facts, or arguments' improperly raised for the first time in the moving party's reply

brief." *Paoli v. Stetser*, C.A. No. 12-66-GMS-CJB, 2014 WL 3386037, at *14

n.14 (D. Del. July 11, 2014), *report and recommendation adopted in part, rejected*

*in part*, 2014 WL 5847567 (D. Del. Nov. 10, 2014). Only if a reply brief

---

[2] FRC also failed to meet and confer in good faith. FRC sent Movants a letter over the weekend offering a compromise whereby each party would refrain from pursuing further litigation in other forums and referencing the sur-reply as a potential negotiation point. And on the July 23, 2024 meet-and-confer, FRC offered Movants time to consider whether to consent to a sur-reply, presumably recognizing that Movants would need to weigh the other offers in FRC's letter. But FRC then reversed gears late that evening, and insisted on an immediate response. *See* D.I. 39-2 at pdf p. 26-28. This, even though Movants have granted myriad extensions in this very case, *see* D.I. 29, 34, and FRC is aware that counsel for Movants are located in various time zones across the world.

*improperly* injects new arguments or new facts will a court permit a non-movant to respond. *See id*.

Movants' reply brief introduced no new facts, evidence, or legal arguments. Arguments are not "new" just "because they either expound on arguments made in [the movant's] opening brief, or because they involve content that is directly responsive to arguments made in [the nonmovant's] answering brief." *Jordan v. Mirra*, C.A. No. 14-1485-SLR-SRF, 2016 WL 3265694, at *9 (D. Del. June 7, 2016), *report and recommendation adopted*, 2016 WL 4577004 (D. Del. Aug. 31, 2016).

FRC asserts – extraordinarily – that Movants raised a "new argument in [their] reply" by arguing "that FRC's fraud claim must be sent to arbitration" because "FRC did not attack 'the delegation clause specifically.'" D.I. 39 at 2. But Movants did not raise a new argument.[3] *First*, eight of the sixteen pages of

---

[3] Given FRC's inadequate justification for filing a sur-reply, referencing the applicable legal standard in just a single page (at 2), it appears that FRC's primary goal was to complain about BGF's English filing. But the propriety of that proceeding is not before this Court. Regardless, the parties' contract explicitly incorporates the rules of the London Court of International Arbitration, which permit either party to seek "interim or conservatory measures" from a court "before the formation of the Arbitral Tribunal." *See* LCIA Rules at art. 25.3, https://www.lcia.org/dispute_resolution_services/lcia-arbitration-rules-2014.aspx. As no arbitral tribunal has yet been formed, BGF has filed a suit for an interim anti-suit injunction in English court – the court with supervisory power over the London-seated arbitration under the agreement – to halt FRC's continuing breaches of the arbitration agreement. Moreover, recognizing that Movants requested this Court's assistance, BGF did *not* seek to impede these proceedings.

Movants' opening memorandum discussed the delegation clause, *see* D.I. 21 at 2-3, 8-11, 13-15, because Movants' principal argument has always been – from the beginning – that the delegation clause requires the Court to allow the arbitral tribunal to decide whether FRC's application is arbitrable in the first instance, *see* D.I. 21 at 2. The table in Appendix A catalogues all instances discussing this argument.

Movants' opening memorandum framed this whole dispute as governed by a delegation clause ensuring that this Court's role "is to resolve any claim *that the delegation clause itself* is invalid because it is subject to a contractual defense such as fraud, duress, or unconscionability." D.I. 21 at 9 (emphasis added). Far from raising this argument for the first time in reply, Movants specifically detailed the argument FRC would need to make to contest the contract's delegation clause. FRC had more than ample notice of Movants' argument, and its failure to respond to Movants' argument by "claim[ing] that the delegation clause itself is invalid,"

---

BGF's requested order only prevents FRC from challenging the validity of the *arbitration agreement* (not properly before this Court pursuant to the delegation clause). It does not seek to enjoin FRC from challenging the delegation clause, though its failure to do so in its Opposition already constituted forfeiture. *See* D.I. 39-2 at pdf p. 14 (defining the "Inducement Allegation" as alleging "that the Arbitration Agreement is invalid and unenforceable by reason of an alleged fraudulent inducement" (emphasis added)); *id.* at pdf p. 15 (prohibiting FRC from advancing "the Inducement Allegation . . . in the 1782 Proceedings or in any other court or tribunal, wherever situated, save by way of arbitration in London in accordance with Clause 27 of the CPA").

D.I. 36 at 5, constitutes waiver that cannot be excused through the right to file yet a further brief.

*Second*, the cases on which FRC relied in its Opposition brief make clear that a party must specifically challenge the delegation clause. For example, FRC quotes *MZM Construction Co., Inc. v. New Jersey Building Laborers Statewide Benefits Funds* for the proposition that "[w]ithout an *agreement* to arbitrate, there can be no arbitration." D.I. 36 at 12 (quoting 974 F.3d 386, 397 (3d Cir. 2020)). But *MZM* also stated that "unless" a party "alleg[es] fraud in the inducement of the delegation provision, the District Court would be required to submit the claim to the arbitrator pursuant to the [contract's] arbitration provision under *Sandvik* and *Rent-A-Center*." 974 F.3d at 406. Just like Movants' opening memorandum, FRC's citations made clear that the Court could consider only a challenge directed specifically at the delegation clause. Had FRC actually engaged with the binding authority it cited (instead of cherry-picking quotes), it would have recognized that *MZM* supported Movants' supposedly improper "new" argument.

*Third*, Movants' reply-brief argument that FRC failed to specifically challenge the delegation clause in its fraudulent inducement claim is not an improper "new" argument because it is "directly responsive to arguments made in [an] answering brief." *Jordan*, 2016 WL 3265694, at *9; *see also Trans Video Elecs., Ltd. v. Netflix, Inc.*, C.A. No. 12-1743-LPS, 2014 WL 900929, at *1 n.1 (D.

Del. Mar. 4, 2014) (same), *report and recommendation adopted*, 2014 WL
1268680 (D. Del. Mar. 26, 2014). Movants had no occasion to raise fraudulent
inducement in the opening memorandum, (nor could they, as FRC appears to have
invented it for the purpose of its opposition and had never before even raised the
possibility that the arbitration agreement was a product of fraud). After FRC
raised the issue, Movants had every right to respond. An "alleged new argument"
that is "a responsive argument to Plaintiff's theory, disclosed for the first time in
the response brief" is "not new and d[oes] not justify an additional sur-reply brief."
*Cephea Valve Techs., Inc. v. Abbott Lab'ys*, C.A. No. 23-691-GBW-SRF, 2024
WL 3291632, at *3 (D. Del. Apr. 19, 2024). Although "Plaintiff [i]s not required
to plead all of its theories on how to avoid arbitrability, it [i]s not entitled to receive
additional briefing for new arguments it later raises." *Id.*[4]

---

[4] While Movants reserve the right to respond in full to the sur-reply if it is
granted, they note that FRC's argument that the delegation clause must be in a
"freestanding" provision egregiously mischaracterizes the applicable case-law.
"[A]s a matter of substantive federal arbitration law," a delegation clause is an
"additional, antecedent agreement" that is severable from the arbitration
agreement, regardless of how the parties choose to embody that antecedent
agreement in the contract. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-
72 (2010) (severability rule "does not depend on the substance of the remainder of
the contract"). Indeed, directly on point here, this Court has repeatedly held that a
clause incorporating arbitral rules is a severable delegation clause. *See Blackhawk
Network, Inc. v. IdX Corp.*, Misc. A. No. 22-368-CFC, 2023 WL 3848337, at *3
(D. Del. June 6, 2023) (Connolly, J.); *Yellow Soc. Interactive Ltd. v. Ebersole*,
C.A. No. 23-352-CFC, 2023 WL 6621416, at *3 (D. Del. Oct. 11, 2023)
(Connolly, J.). FRC badly mischaracterizes *Quilloin v. Tenet HealthSystem
Philadelphia, Inc.*, 673 F.3d 221, 229 (3d Cir. 2012). *See* D.I. 39-2 at 6. The

FRC is attempting to use a sur-reply to rectify its failure to specifically

challenge the parties' delegation clause in its Opposition.[5]  In such circumstances,

courts in this district regularly deny leave to file sur-reply briefs.  *See*, *e.g.*, *Drit LP*

*v. Glaxo Grp. Ltd.*, C.A. No. 21-844-LPS-CJB, 2022 WL 605123, at *8 n.9 (D.

Del. Feb. 18, 2022) (denying sur-reply where a party "simply responded to

arguments raised in [their opponent]'s answering brief"), *report and*

*recommendation adopted*, 2022 WL 909398 (D. Del. Mar. 29, 2022); *P Tech, LLC*

*v. Arthrex, Inc.*, C.A. No. 21-968 (MN), 2022 WL 1490733, at *1 n.1 (D. Del. May

11, 2022) (same); *Hawk Mountain LLC v. Mirra*, C.A. No. 13-2083-SLR-SRF,

2016 WL 3182778, at *25 (D. Del. June 3, 2016) (denying sur-reply where

"Plaintiffs do not attempt to establish that the RAM Defendants introduced new

---

contracts in *Quillion* did not include a delegation clause, and the court
distinguished *Rent-A-Center* while recognizing its holding that a specific challenge
to the delegation clause is "necessary" if one exists.  673 F.3d at 229.

[5] FRC's sophisticated counsel's suggestion that it missed an argument raised
in Movants' opening brief *and* the cases FRC cited in its opposition strains
credulity.  Movants note that while FRC failed to include "[a] certification as to the
total number of words" in its Opposition, FRC's Opposition appears to be nearly at
the 5,000-word limit.  FRC's request for a sur-reply thus appears to be a calculated
decision to work around the Court's briefing limits.  And this is not the first time
that FRC has strategically disregarded the Court's rules and procedures.  *See* D.I. 8
and June 25, 2024 docket entry ("ORAL ORDER:  FRC's letter dated June 14,
2024 (D.I. 31) is hereby STRUCK.  *See* D. Del. Loc. R. 7.1.1 ("Unless otherwise
ordered, all requests for relief shall be presented to the Court by motion.")."
Ordered by Judge Colm F. Connolly on 6/25/2024. (kmd) (Entered: 06/25/2024)").
Even its request for oral argument was filed too late.  *Compare* D.I. 40 *with* D. Del.
LR 7.1.4 (requests for oral argument must be made within 7 days of reply.).

evidence or new arguments in their reply brief"), *report and recommendation adopted*, 2016 WL 4541032 (D. Del. Aug. 31, 2016); *Int'l Bus. Machs. Corp. v. Priceline Grp. Inc.*, C.A. No. 15-137-LPS-CJB, 2016 WL 626495, at *1 n.1 (D. Del. Feb. 16, 2016) (rejecting sur-reply because "the arguments offered in Defendants' reply brief are proper (and are not 'new'), because they either expound on arguments made in Defendants' opening brief, or because they involve content that is directly responsive to arguments made in Plaintiff's answering brief"), *report and recommendation adopted*, 2016 WL 1253472 (D. Del. Mar. 30, 2016); *Siemens Med. Sols. USA, Inc. v. Humedica, Inc.*, C.A. No. 14-880-LPS-CJB, 2015 WL 1738186, at *1 n.1 (D. Del. Apr. 8, 2015) (rejecting sur-reply where reply "did not raise 'new arguments' or 'new facts'" and "the complained-of material was responsive to theories and arguments raised in [the] answering brief"); *Trans Video Elecs.*, 2014 WL 900929, at *1 n.1 (same); *INVISTA N. Am. S.à.r.l. v. M&G USA Corp.*, C.A. No. 11-1007-SLR-CJB, 2014 WL 1908286, at *10 n.16 (D. Del. Apr. 25, 2014) (same), *report and recommendation adopted*, 2014 WL 2917110 (D. Del. June 25, 2014).  This Court should do the same.[6]

---

[6] In a particularly bald-faced display of hypocrisy, FRC contends (at 5 n.3) that Movants have forfeited any right to contest the merits of FRC's claim of fraudulent inducement by not introducing contrary evidence and argument in their reply brief.  That is wrong.  A movant seeking to compel arbitration does not waive its arguments on the merits by not also litigating those issues in its motion to compel.  *See, e.g.*, *Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 608 (10th Cir. 2011) ("[R]equiring a party to . . . formally and substantively

**CONCLUSION**

For the foregoing reasons, this Court should deny FRC's motion for leave to file a sur-reply. If the Court considers this sur-reply, Movants request leave to file a sur-sur-reply in order to respond to FRC's erroneous arguments.

---

engag[e] in the merits of the litigation . . . in order to enforce its right not to litigate is a non-sequitur.") (emphasis omitted). Only if the Court were to disagree that the fraudulent inducement issue is committed to arbitration – and only if that ruling were affirmed on interlocutory appeal granted by § 16 of the FAA – would the issue of fraudulent inducement be ripe for this Court's consideration, pursuant to further briefing on the merits. Tellingly, the only case FRC cites in support of this argument is a case involving a default judgment where the defendants "were personally served with the initial complaint, and were sent five subsequent notices . . . yet they have never appeared." *Stanhope v. Bank of Am., N.A.*, No. 1:16-cv-02040-NLH-JS, 2016 WL 6645770, at *4 (D.N.J. Nov. 9, 2016).

OF COUNSEL:

Derek T. Ho
Travis G. Edwards
Dustin G. Graber
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
tedwards@kellogghansen.com
dgraber@kellogghansen.com

*Counsel for Burford German Funding
LLC and Burford Capital LLC*

Edward P. Boyle
Allison M. Cunneen
VENABLE LLP
151 W 42nd Street
New York, NY 10036
(212) 307-5500
EPBoyle@Venable.com
AMCunneen@Venable.com

*Counsel for German Litigation
Solutions LLC*

Dated: July 25, 2024

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Burford German Funding
LLC, German Litigation Solutions
LLC, and Burford Capital LLC*

# Appendix A

**APPENDIX A**
TABLE OF REFERENCES TO THE DELEGATION CLAUSE ARGUMENT
IN MOVANT'S OPENING BRIEF, D.I. 21

| Page Number | Discussion of Delegation Clause (bold emphases added) |
|---|---|
| 2 | In the CPA, FRC agreed to arbitrate "any dispute, controversy or claim" "arising out of or in connection with" the CPA. **The CPA's arbitration agreement also clearly and unmistakably delegated the question of arbitrability – *i.e.*, whether a dispute is subject to arbitration – to the arbitral tribunal. Under the FAA, the arbitration agreement – including the delegation clause – is enforceable by its terms.** The dispute over FRC's application – including any dispute FRC may raise regarding whether such dispute is arbitrable – is thus committed to arbitration. |
| 3 | Any dispute over the arbitrability of the dispute between FRC and Burford or GLS is also delegated to the arbitrator. |
| 7-8 | Both the first-order dispute over FRC's application and the second-order dispute over arbitrability are subject to arbitration, because FRC agreed to arbitrate "(to the exclusion of any other forum)" "any dispute" relating to the CPA, **including disputes over gateway questions of arbitrability**. |
| 8-9 | FRC's agreement to delegate gateway arbitrability disputes to the arbitral tribunal is sufficient grounds to grant the motion to compel arbitration. **The Supreme Court, the Third Circuit, and this Court have recognized that contracting parties can grant arbitrators the "exclusive authority" to decide gateway questions of arbitrability through a so-called "delegation provision."** *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69, 71 (2010) (citing cases); *MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 398 (3d Cir. 2020) ("[P]arties may contractually bestow upon arbitrators the power to decide their own jurisdiction.") (internal citation omitted); *Yellow Soc. Interactive Ltd. v. Ebersole*, 2023 WL 6621416, at *3 (D. Del. Oct. 11, 2023) (Connolly, J.) ("Parties may agree to have an arbitrator decide 'gateway' questions of arbitrability."). To do so, the parties' agreement must be "clear and unmistakable" about their |

| | |
|---|---|
| | intent to delegate arbitrability to the arbitrator. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (cleaned up). |
| 9 | "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract"; they may not prejudge the issue even when they think the arbitrability question is clear-cut. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 71 (2019) (rejecting lower-court rule allowing courts to decide the arbitrability issue if they deem the arbitrability assertion "wholly groundless"). **The only role for the Court, in that instance, is to resolve any claim that the delegation clause itself is invalid because it is subject to a contractual defense such as fraud, duress, or unconscionability.** ***See In re Motransa, S.A.*, 2020 WL 4251145, at \*1 (S.D. Fla. July 24, 2020) (enforcing delegation clause in context of § 1782 application).** |
| 10 | As this Court has recognized, "by providing in the [agreement] that any arbitration would be conducted pursuant to [specified arbitration rules], which empower[] arbitrators to determine their own jurisdiction," **the parties "provided clear and unmistakable evidence of their agreement that gateway disputes over arbitrability would be resolved by the arbitrator."** *Blackhawk Network, Inc. v. IdX Corp.*, 2023 WL 3848337, at \*3 (D. Del. June 6, 2023) (Connolly, J.) (AAA rules); see *Yellow Soc. Interactive*, 2023 WL 6621416, at \*3 (AAA rules); see also *Mack v. Progressive Corp.*, 2024 WL 1120377, at \*4 (E.D. Pa. Mar. 14, 2024) (AAA rules). |
| 10-11 | **Other courts have specifically held that incorporation of the LCIA rules constitutes a clear and unmistakable delegation of questions of arbitrability to the arbitrator.** *See, e.g., ROI Props. Inc. v. Burford Cap. Ltd.*, 2019 WL 1359254, at \*4 (D. Ariz. Jan. 14, 2019); *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1043 (N.D. Cal. 2018); *Elko Broadband Ltd. v. Dhabi Holdings PJSC*, 2020 WL 6435754, at \*4 (D. Nev. Nov. 2, 2020). |
| 11 | Second, the Arbitration Agreement unmistakably provides that "[a]*ny dispute, controversy or claim arising out of or in connection with this Agreement, including any question regarding its formation, existence, validity, interpretation, performance, breach* |

| | |
|---|---|
| | *or termination*" is subject to arbitration "(to the exclusion of any other forum)."  CPA § 27(a) (emphasis added). |
| 11 | As courts repeatedly have held, the plain meaning of the term "[a]ny dispute" is "all disputes," **including gateway issues of arbitrability**.  *See Rent-A-Center*, 561 U.S. at 66 (**finding delegation where clause provided that "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable"**); *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1267-68 (11th Cir. 2017) (finding similar language to constitute delegation of gateway issues because "[a]ny disputes means all disputes, because 'any' means all") (citation omitted); Mack, 2024 WL 1120377, at *4 (similar).  The Court thus should compel arbitration of all disputes, including any dispute as to arbitrability. |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re Application of financialright claims GmbH

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding

C.A. No. 23-1481-CFC

## CERTIFICATION OF COMPLIANCE
## WITH TYPE, FONT, AND WORD LIMITATIONS

This brief complies with the Court's Standing Order Regarding Briefing in All Cases. It has been prepared in Times New Roman 14-point type, and contains 2,702 words, exclusive of case caption, tables, and signature block, which were counted by Microsoft Word. The brief's Appendix A contains 833 words, which were counted by Microsoft Word.

Dated: July 25, 2024

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Burford German Funding LLC,*

*German Litigation Solutions LLC, and
Burford Capital LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on July 25, 2024, a copy of the

foregoing document was served on the counsel listed below in the manner

indicated:

<u>**BY EMAIL**</u>

Bindu A. Palapura
Jacqueline A. Rogers
POTTER ANDERSON &
CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
bpalapura@potteranderson.com
jrogers@potteranderson.com

Jeffrey A. Rosenthal
Lina Bensman
Christopher P. Moore
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
jrosenthal@cgsh.com
lbensman@cgsh.com
cmoore@cgsh.com


YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Burford German Funding*
*LLC, Burford Capital LLC, and German*
*Litigation Solutions LLC*