IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of financialright claims GmbH<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Civil Action No. 23-1481-CFC |

## **MEMORANDUM ORDER**

Self-designated "Respondents" (collectively, Burford) have filed a Motion for Stay Pending Appeal (D.I. 57) in this now-closed *ex parte* action brought by financialright claims GmbH (FRC). Burford asks in the motion "for a stay of all proceedings in this action pending [its] appeal of [the] Memorandum Opinion (D.I. 50) and the Order (D.I. 51)" I issued on November 18, 2024. D.I. 57 at 1.[1] I closed the action the same day I issued the Memorandum Opinion and Order, and thus there currently are no proceedings in the action. I will therefore deny the motion as moot.

Burford "specifically request[s] that, pending [its] appeal, [I] stay all discovery pursuant to the [Memorandum] Opinion and Order, including the subpoenas that the Court authorized [FRC] to serve pursuant thereto." D.I. 57 at 1. But FRC already served its subpoenas on Burford, *see* D.I. 59 at 1, and there will be no discovery or proceedings arising out of this action unless and until

(1) Burford voluntarily provides FRC with discovery; (2) Burford files a motion to quash the subpoenas; or (3) FRC files a motion to compel Burford to comply with the subpoenas.

Burford argues that it is entitled to an "automatic stay" under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). D.I. 57 at 1. But the "sole question" before the Court in *Coinbase* was "whether [a] district court must stay its pre-trial and trial proceedings while [an] interlocutory appeal [of the court's denial of a motion to compel arbitration] is ongoing." 599 U.S. at 738. That question and its answer are irrelevant to the circumstances here, as there are not currently, never were, and never could have been, pre-trial or trial proceedings in this *ex parte* action.

NOW THEREFORE, at Wilmington on this Thirteenth day of January in 2025, it is HEREBY ORDERED that Burford's Motion for Stay Pending Appeal (D.I. 57) is DENIED.

                                                                                            _____
                                                                                                          CHIEF JUDGE

---

[1] I denied in the Order Burford's motion to compel arbitration of the *ex parte* application FRC had filed pursuant to 28 U.S.C. § 1782. Burford described that motion as a "request that the Court compel arbitration and continue to stay these proceedings pending arbitration, as required by § 3 and § 4 of the Federal Arbitration Act ('FAA')." D.I. 21 at 2. At oral argument on that motion, I asked Burford, "[W]hat section of the FAA are you bringing [your motion to compel arbitration] pursuant to?" D.I. 49 at 20:5–6. Counsel responded:

> I believe it's Section 4. It's Section 4 and Section --
> which piggybacks off of Section 2. So Section 2
> provides that arbitration agreements are valid and
> enforceable. I won't read the whole thing, but then
> Section 2, or 4 rather, refers specifically to a failure to
> arbitrate under an agreement, and says that, "A party
> aggrieved by that alleged failure" -- so that would be us
> because we think that FRC has failed to arbitrate -- "may
> petition any United States District Court," et cetera, "for
> an order directing that such arbitration proceed in the
> manner provided for in such agreement." And then we
> also invoke Section 3 to the extent that we seek a stay of
> the court proceeding, pending arbitration.

D.I. 49 at 20:7–21. At no point in its briefing or at oral argument did Burford argue that it had brought its motion pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention) or Chapter 2 of the FAA, 9 U.S.C. §§ 201–208. (Chapter 2 provides the mechanism for enforcement of the Convention in United States courts.) Burford discussed in its briefing and at oral argument only provisions from Chapter 1 of the FAA, 9 U.S.C. §§ 1–16. I denied Burford's motion for lack of jurisdiction because Chapter 1 of the FAA does not bestow federal jurisdiction; an applicant seeking to compel arbitration under the FAA must identify a grant of jurisdiction apart from the FAA; and an *ex parte* § 1782 application, in my view, does not provide an independent basis for jurisdiction over a motion to compel arbitration.

After I issued my Memorandum Opinion and the Order, I held an oral argument in a civil action filed by FRC against Burford, *financialright claims GmbH v. Burford German Funding LLC*, 24-cv-00929-CFC. During that argument, Burford seemed to suggest that it had brought its motion to compel arbitration in this action pursuant to the Convention. *See* D.I. 31 at 8:13–25 (No. 24-929). To be clear, and in the event that Burford files a motion to quash subpoenas served on it by FRC pursuant to the Order or FRC files a motion to compel Burford to comply with such subpoenas, my denial of Burford's motion to compel arbitration of FRC's § 1782 application does not preclude Burford from arguing that I have jurisdiction to entertain a motion by Burford to compel the arbitration of such a motion to quash or motion to compel compliance.

3